UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-359-FDW

| MICHAEL E. HERNANDEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DAVID MITCHELL, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on an initial review of Petitioner's federal habeas petition which is filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases. For the reasons that follow, Petitioner's Section 2254 petition will be dismissed.

## I. BACKGROUND

On June 14, 2007, Petitioner appeared with counsel before the superior court in Mecklenburg County and pled guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to one count of second-degree murder and he was sentenced to a term of 156 to 197 months' imprisonment. Petitioner did not appeal. (3:14-cv-359, Doc. No. 1 at 1).

On January 8, 2013, some five and a half years after his conviction became final, Petitioner filed a motion for appropriate relief (MAR) in Mecklenburg County Superior Court and raised two claims of ineffective assistance of counsel. First, Petitioner contended that his counsel was ineffective in failing to file a motion to suppress his confession which he contends was involuntarily obtained. Second, Petitioner argued that his counsel provided misleading or erroneous information that resulted in an involuntary guilty plea. Petitioner advanced an

1

additional argument that the State failed to disclose favorable evidence during discovery, and prior to the entry of his guilty plea. (3:14-cv-359, Doc. No. 1 at 3). On January 23, 2013, the superior court judge entered an order finding that Petitioner's claims for relief were without merit and his MAR was denied. (Id. at 40). Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals and advanced his claim for ineffective assistance of counsel however he did not present his claim that the State failed to disclose favorable evidence. The petition was denied by order entered September 30, 2013. Hernandez v. State of North Carolina, No. P13-685 (N.C. Ct. App. 2013). (Id. at 43). The Supreme Court of North Carolina denied his petition for discretionary review on December 18, 2013. State v. Hernandez, No. 488P13-1 (N.C. 2013). This federal habeas petition follows.

## II.     DISCUSSION

In this federal habeas petition, Petitioner presents three grounds for relief. In in his first claim, he raises a claim of ineffective assistance of counsel and again asserts that his attorney provided ineffective assistance of counsel by failing to file a motion to suppress Petitioner's confession, which he contends was involuntary because he was impaired at the time. (Doc. No. 1 at 5-7). In his second claim for relief, Petitioner revives his claim that the State failed to disclose favorable evidence. Last, Petitioner contends that his counsel provided ineffective assistance of counsel by providing erroneous advice and the trial court committed errors at sentencing with such errors culminating in an unknowing, involuntary, and unintelligent guilty plea.

The Court concludes that all of Petitioner's claims for relief are untimely and should be dismissed. The Antiterrorism and Effective Death Penalty Act (AEDPA), as amended in 1996, provides in relevant part as follows:

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner's criminal judgment was entered by the trial court on June 14, 2007, yet Petitioner did not file his MAR until January 8, 2013. Therefore, Petitioner's motion is untimely and should be dismissed unless he can present a credible case for equitable tolling, and after considering Petitioner's explanation for his delay in seeking post-conviction relief, the Court concludes that he cannot make such a showing.

A petitioner may be entitled to an equitable tolling of the statute of limitations if he can demonstrate that he has been diligently pursuing his rights and that an extraordinary circumstance prevented the timely filing of the § 2254 petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner contends that his conviction became final on December 18, 2013, the day on which the Supreme Court of North Carolina denied his petition for discretionary review. First, Petitioner had no statutory right to petition the Supreme Court for

discretionary review after the court of appeals denied his petition for a writ of certiorari. See N.C. Gen. Stat. § 15A-1422(f). Second, Petitioner's one-year time limitation under § 2244(d) had long since expired by the time he filed for state post-conviction relief in January 2013. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (noting that once the one-year time period has elapsed from the date the judgment becomes final, a petitioner's pursuit of state post-conviction relief does not restart the one-year time limitation). Petitioner also argues that his difficulty in amassing a record to aid in his post-conviction challenge should excuse his untimely filing. (Doc. No. 1 at 33). These arguments are unavailing as the argument Petitioner makes regarding ineffective assistance of counsel in his first claim – failure to move to suppress – was, or should have been known to him before he entered his guilty plea. Likewise, Petitioner's third claim for relief – that the trial court made errors during his sentencing hearing, and his counsel provided ineffective assistance in advising him regarding his guilty plea – were known or should have been known to him before he entered his solemn guilty plea under oath. Accordingly, he could have presented these claims in a post-conviction relief proceeding within one year from the date his judgment became final. For these reasons, Petitioner's first and third claims for relief will be dismissed as untimely.

Petitioner presented his second claim for relief to the superior court in his MAR and it was denied as being without merit. Petitioner concedes that he did not present this second claim to the North Carolina Court of Appeals in his petition for discretionary review and he moves the Court to dismiss the claim without prejudice as unexhausted. (Doc. No. 2 at 31). A petitioner may exhaust his state remedies, as is relevant here, by filing a state post-conviction proceeding and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen.

4

Stat. § 15A-1422. However, even if the petitioner does not follow this procedure, the district court may deny a claim on the merits in a habeas proceeding notwithstanding a petitioner's failure to exhaust his available State remedies. See 28 U.S.C. § 2254(b)(2).

In the present case, Petitioner contends that the State withheld evidence that may have been favorable to him and this may have influenced his decision on whether or not to plead guilty. Petitioner includes a police report in the record that details an interview with a neighbor that lived next door to the victim, Ms. Collins. The substance of Petitioner's argument is that Ms. Collins may have provided a written statement to law enforcement but the statement was not made a part of the discovery file. Ms. Collins was interviewed at the crime scene by Officer Stewart. Ms. Collins stated that she did not know the people that were living in the apartment of the deceased, but she did say she was awaken that night after she heard loud screams, and arguing and then a loud thump whereupon the screams stopped. According to Officer Stewart, Ms. Collins then provided a written statement which she then provided to the detectives. The substance of Officer Stewart's interview was reduced to writing and was made part of the discovery file. (Doc. No. 1 at 21). Petitioner's argument for dismissal of this claim will be denied for two reasons.

First, he does not contend that he did not have access to Officer Stewart's written statement which provided details of her interview with Ms. Collins. And in this written statement, as Petitioner notes, it plainly states that Ms. Collins provided a written statement that was turned over to detectives. Thus, Petitioner would have, or should have been aware that Ms. Collins' statement was in existence and he could have demanded to have it produced prior to deciding to enter his guilty plea. Petitioner's argument that the context of Ms. Collins' written

statement may have been corroborated by the observations of another witness, Miram Soto, is unavailing as Petitioner acknowledges that each witness provided shared observations of hearing a commotion "right before the tragedy." (Doc. No. 1 at 18). Based on the foregoing, the Court finds that Petitioner's claim here is clearly untimely and he provides no reasonable explanation to support equitable tolling. Second, despite his awareness of a written statement by Ms. Collins, Petitioner nevertheless elected to plead guilty to second-degree murder and thereby waived his right to contest the charges at trial. It is well-settled that a knowing, voluntary, and counseled guilty plea waives all allegations that seek to raise antecedent, non-jurisdictional, constitutional rights. See Tollett v. Henderson, 411 U.S. 358 (1973). A review of the record in this matter leaves no doubt that Petitioner's guilty plea was knowing, voluntary and intelligent.

### III.     CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2254 petition is untimely and it will be dismissed.

**IT IS, THEREFORE ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** with prejudice as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge